UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FIDELITY & GUARANTY LIFE INS. CO.            CIVIL ACTION

VERSUS            14-00181-SDD-RLB

GLORIA WILLIAMS, GWENDOLYN BURNS,
AND VALISA HOLLEY

**RULING**

This matter is before the Court on Valisa Holley's unopposed *Motion for Summary Judgment*.[1]  For the following reasons, Holley's *Motion* shall be granted.

**I.    BACKGROUND**

Fidelity & Guaranty Life Insurance Co. ("F&G Life") filed this interpleader action on March 27, 2014 naming Gloria Williams,[2] Gwendolyn Burns Perry, and Valisa Holley as Interpleader Defendants.[3]  On March 27, 2001, F&G Life issued a life insurance policy, No. 1-001431889, ("Policy") insuring the life of Thomas Perry, Jr. ("Perry") with a face value of $94,000.[4]  Mr. Perry passed away on January 5, 2012.[5]  The original Primary Beneficiary of the Policy was Gloria Williams, who was Perry's wife at the time.[6]  In December of 2007, Perry changed the Primary Beneficiary of his Policy to Valisa

---

[1] Rec. Doc. 27.  Gloria Williams initially filed an *Opposition* but subsequently sought and was granted permission to dismiss it.  Rec. Doc. 30 and Rec. Doc. 31.  Gwendolyn Burns did not file an opposition.
[2] According to the Complaint for Interpleader, Gloria Williams was formerly known as "Gloria Williams Perry."  Rec. Doc. 1, p. 2, ¶ III.
[3] On April 30, 2015, the Court entered a *Ruling* granting *F&G Life's Motion for Leave to File Policy Proceeds Into Registry of Court and for Judgement Releasing F&G Life From Further Liability*.  F&G Life was dismissed with prejudice.  Rec. Doc. 26.
[4] Rec. Doc. 27-3, pp. 3 and 5.
[5] Rec. Doc. 27-3, p. 15.
[6] Rec. Doc. 27-3, p. 1.
29084

1

Holley.[7]  On December 29, 2011, Perry signed a Request for Service to change the Contingent Beneficiary of his Policy to Gwendolyn G. Burns.[8]  The Request, however, was not received by the Claims Department until February 10, 2012.[9]  Holley now moves for summary judgment on the grounds that there is no genuine dispute as to any material fact that she is the primary beneficiary to Perry's Policy and entitled to the life insurance proceeds at issue.

## II.   LAW AND ANALYSIS

### A.   Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[10]  "An issue is material if its resolution could affect the outcome of the action."[11]  "When assessing whether a dispute to any material fact exists, we consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence."[12]  "A party moving for summary judgment 'must "demonstrate the absence of a genuine issue of material fact," but need not negate the elements of the nonmovant's case.'"[13]  If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its

---

[7] Rec. Doc. 27-3, pp. 11-12.
[8] Rec. Doc. 27-3, pp. 13-14.  In December of 2007, Perry also changed the Contingent Beneficiary of his Policy to "Johnnye Jackson," Perry's mother.  Rec. Doc. 27-3, p. 11.
[9] Rec. Doc. 27-3, p. 14.
[10] Fed. R. Civ. P. 56(a).
[11] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[12] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008)(citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).
[13] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (M.D.La. 2003)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25).
29084

case.'"[14]   However, the non-moving party's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence".[15]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party'".[16]   The Court must resolve all reasonable factual inferences in favor of the nonmoving party.[17]   However, "[t]he court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim".[18]   "Conclusory allegations unsupported by specific facts, however, will not prevent an award of summary judgment; 'the plaintiff [can]not rest on his allegations . . . to get to a jury without "any significant probative evidence tending to support the complaint."'"[19]

### B.   Primary Beneficiary of Perry's Policy

Even though Holley's motion is unopposed, she still bears the burden of proving that there is not a genuine dispute as to any material fact and that she is entitled to judgment as a matter of law.   Holley has submitted Perry's signed Request for Service in which he changed the Primary Beneficiary of his Policy to Valisa Holley.   Perry signed the Request on December 13, 2007.   The record is devoid of any evidence negating the

---

[14] *Rivera v. Houston Independent School Dist.,* 349 F.3d 244, 247 (5th Cir. 2003)(quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).
[15] *Willis v. Roche Biomedical Laboratories, Inc.,* 61 F.3d 313, 315 (5th Cir. 1995)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(internal quotations and citations omitted)).
[16] *Pylant v. Hartford Life and Accident Insurance Company*, 497 F.3d 536, 538 (5th Cir. 2007)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).
[17] *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).
[18] *RSR Corp. v. International Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010)(citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)).
[19] *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994)(quoting *Anderson*, 477 U.S. at 249)(citation omitted)).
29084

fact that Holley became the Primary Beneficiary to Perry's Policy in December of 2007. Therefore, the issue now becomes whether there is any evidence in the record showing that Burns replaced Holley as the Primary Beneficiary of Perry's Policy.

On a summary judgment motion, the Court may consider the pleadings in the record.[20] Burns, proceeding *pro se*, filed an *Answer* to the *Complaint for Interpleader* wherein she admitted to making a claim to F&G Life on Perry's Policy.[21] She further averred that Perry had informed her in June of 2011 "that he had contacted Fidelity & Guaranty Life Insurance Company to designate her as beneficiary of his life insurance policy."[22] According to Burns, Perry reiterated his intention to designate her as his primary beneficiary on December 29, 2011 for caring for him during his illness.[23] At this time, Burns claims that Perry presented her with a beneficiary change form and "advised her to make sure it was received by Fidelity & Guaranty Life Insurance Company."[24] When the Court turns its attention to Perry's December 29, 2011 Request for Service, it is clear that Perry changed the "Contingent Beneficiary" of his Policy to Gwen G. Burns. The Request for Service plainly states "Contingent Beneficiary" next to Burns' name.[25] Therefore, the Court finds that Perry's change to his Contingent Beneficiary had no effect on Holley's status as the Primary Beneficiary.

In addition, Perry's verbal intention to make Burn's his Primary Beneficiary has no legal effect on the Policy. Louisiana law "requires[s] strict compliance with the terms

---

[20] "[S]ummary judgment will only be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Williams v. Louisiana*, 2015 WL 5318945, *2 (quoting *Sherman v. Hallibauer*, 455 F.2d 1236, 1241 (5th Cir. 1972)).
[21] Rec. Doc. 4, p. 3, . Burns signed her *Answer*.
[22] Rec. Doc. 4, p. 2, ¶10.
[23] Rec. Doc. 4, p. 2, ¶10.
[24] Rec. Doc. 4, p. 2, ¶10.
[25] Rec. Doc. 37-3, p. 13. Above the section entitled "Contingent Beneficiary," Perry had scratched out the word "Primary" preceding "Beneficiary" and had written in to word "Contingent."
29084

4

of the insurance contract to effect a change of beneficiary."[26]  F&G Life and Perry entered into a Policy that defines a "Beneficiary" as "[t]he person(s) named in the application or in the most recent change on record to receive the death benefit."[27]  The Policy also defined a "Contingent Beneficiary" as "[t]he person(s) named in the application or in the most recent change on record to receive the death benefit if the Beneficiary is not alive at the Insured's death."[28]  The Policy also provides how to Change the Beneficiary as follows: "While the insured is alive, you may change the Beneficiary and any Contingent or irrevocable Beneficiary by **Written Request**."[29]  The Court finds that it is clear from the plain language of the Policy's terms that any changes to the primary or contingent beneficiaries must be in writing.  Therefore, Perry's oral promises to make Burns the Primary Beneficiary had no impact on the Policy in place.  As written, Perry's Request shows that Perry sought to change his Policy's Contingent Beneficiary to Burns.  Accordingly, the Court finds that Holley has demonstrated that there is no genuine dispute as to any material fact that she is the primary beneficiary to Perry's Policy and that she is entitled to the life insurance proceeds at issue.

---

[26] *New York Life Ins. Co. v. Deshotel*, 1995 WL 555584, *2 (E.D.La. Sept. 15, 1995)(quoting *American General Life Ins. Co. v. Fine*, 944 F.2d 232, 234 (5th Cir. 1991)).
[27] Rec. Doc. 27-3, p. 22.
[28] Rec. Doc. 27-3, p. 22.
[29] Rec. Doc. 27-3, p. 25. (emphasis added).
29084

### III.    CONCLUSION

For the foregoing reasons, Interpleader-Defendant Valisa Holley's *Motion for Summary Judgment*[30] is hereby GRANTED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on October 29, 2015.

                                                        _____
                                                        **JUDGE SHELLY D. DICK**
                                                        **UNITED STATES DISTRICT COURT**
                                                        **MIDDLE DISTRICT OF LOUISIANA**

---

[30] Rec. Doc. 27.
29084